[No. 19358.   Department One.   April 16, 1926.]

CITY OF LEAVENWORTH, *Respondent*, v. J. A. SCAMAN
et al., *Appellants*.[1]

[1] LIMITATION OF ACTIONS (58)—FRAUD—RECOVERY OF OVERPAYMENT
—DISCOVERY OF FRAUD. A city's right of action to recover an
over payment made on a contract is shown to be barred by the
statute of limitations, where the action was not commenced for
more than three years after the matter was discussed by the
council and complained of by the city.

[2] SAME (58). Such a right of action for overpayments on account
of an erroneous allowance for a trestle is shown to be barred
by the statute of limitations, where the action was not com-
menced for more than three years after the construction of the
trestle, and inspection thereof by the city before the final esti-
mate and payment.

Appeal from a judgment of the superior court for
Chelan county, Allen, J., entered January 5, 1921, upon
findings in favor of the plaintiff, to recover excess pay-
ments on a public improvement contract. Modified.

*Crollard & Steiner*, for appellants.

*Corbin & Easton*, for respondent.

ASKREN, J.—This litigation involves alleged over-
payment to the contractor who constructed a water sys-
tem for the city of Leavenworth. The contract was let
in 1912, and the work completed in 1913. Six years
later, the case came on for trial. A year later the judg-
ment was entered. After a lapse of five years, the ap-
peal reached this court. The facts briefly, are as
follows:

A contract was entered into between respondent city
and appellants contractors to build a water system for
$39,500, to which there were later added extras of
$4,500, making a total of $44,000. At the time the con-

[1]Reported in 245 Pac. 7.

tract was entered into, respondent's city engineer prepared plans and specifications. Shortly thereafter, he was supplanted by another engineer. From time to time, estimates were presented to the city council for payments on the contract. The final estimate was made on June 18, 1913, in the sum of $10,947.47. More than three years thereafter, this action was commenced alleging fraud in securing payments for work performed under the contract, and asking for a return of the overpayments, and for damages in the sum of $29,440.79. A demurrer was filed to the complaint, alleging that the action was barred by the statute of limitations in not being brought within three years from the time of the discovery of the fraud, if any. The demurrer was overruled, appropriate answers filed, and the case proceeded to trial.

After the trial, the court made findings of fact, conclusions of law and entered judgment in favor of respondent, in the sum of $11,923.49. The court found substantially, that the city engineer in charge of the work on behalf of respondent was guilty of gross mistake, amounting to fraud, in that he approved estimates for work that was not performed, for materials that were not furnished, and made allowances for extras that should have been included in the original contract. The court allowed recovery on a great number of the items alleged in the complaint, which, for the sake of brevity, we think need not be here stated in detail.

It is urged by appellant that there was insufficient evidence to sustain the court's findings upon the disputed matters. We have carefully examined the long and voluminous record here involved, and are content to say that the evidence does not preponderate against the court's findings on the disputed matters, excepting in certain particulars which we will now set out.

The evidence shows that respondent purchased a water system known as the "Tumwater Light & Water System;" that it was agreed between the parties to this litigation that a portion of the system should be incorporated and used in the system being built under the contract between the parties, and that credit should be given respondent in the sum of $903. It was admitted by many of the witnesses for respondent that, at the time of making the final estimate, credit was given the city in this amount. Counsel for the city waived any recovery on this item at the time of the trial; but when the judgment was signed a year later, recovery was granted for this amount. It was conceded at the time of the oral argument in this court that this was erroneous.

The court allowed $480 as being the reasonable value of placing thirty-two hydrants in the condition called for in the contract, which was to set them on large flagstones, or broken stone, and carefully back them with stone or timber. At the time of the final estimate, three copies were presented to the city council. One was kept by the city, one by the engineer, and another by the contractor. At the time of trial, all three of these had been lost.

[1] Much of the evidence in the case revolved around the question of whether or not, in the final estimate presented to the city, certain allowances were made to the city, and what items were contained in it. Practically all of the witnesses for the city testified that they did not remember all of the different items in question being in the estimate, or being presented at the time; but there was positive testimony by one of the city's witnesses, a councilman who was present at the final settlement, that, "I know there was quite a lot of discussion about the back filling. There was quite a

lot of complaint that it was not thoroughly done according to the specifications.'' This testimony establishes that the city had notice at the time of paying the final estimate that the fire hydrants were not constructed according to the contract. This action not being filed until more than three years after notice of the fact, this item was barred by the statute of limitations.

[2] The court held that, under the contract, the contractor was to bury the pipe thirty inches in the ground, with the exception that where rock was encountered it could be placed above the ground. An allowance of $1,198.55 was made as a balance upon the construction of a trestle to carry the pipe above the ground. This was billed as an extra. The court also found that $756.80 had been allowed for the burying of the pipe in the ground for the same distance, and granted the city judgment upon both items. Manifestly this is erroneous.

The $756.80 would be the amount that appellant would be entitled to under their contract, if they buried the pipe. If under the contract there were places which, in the judgment of the city engineer, required a trestle, appellants would at least be entitled in the building of the trestle to the amount it would have required to bury the pipe. But we think there is a more serious objection which goes to the allowance of both of these items. During the construction, a water committee was appointed, composed of members of the council. It is undisputed that members of this committee and other members of the council, prior to acting upon the final estimate, were over the ground in question where the trestle was constructed. They knew at the time of acting on the final estimate that the trestle had been constructed. It was plain, open and obvious. Having seen that the trestle was constructed,

it cannot be said that they did not have notice of this fact at the time of authorizing the final payment. The same rule applies as to payment for burying the pipe the same distance in the ground. When they made the final payment they knew that the pipe was not in the ground, but was upon a trestle. If it be conceded that they had no right to make payment for the construction of the trestle and also for the placing of the pipe in the ground covering the same locality, or for either, yet they knew the facts, and knowing them there cannot reasonably be any contention that the facts were not discovered until a later period.

It seems plain to us that both of these items were also barred by the statute of limitations.

It is further urged by appellant that all of the items sued on were barred by the statute; but it appears that the other items allowed by the court were not matters of which the city officials had actual knowledge. They involve questions as to the amount of pipe used, its kind and character, the number of different kinds of air, silt, and pressure valves, etc. The testimony showed that excavations were required to determine many of these items, and, as to them, the city officials were relying upon the engineer for the information. The evidence shows that these facts were discovered within the period covered by the statute.

The judgment will be modified by striking therefrom the following items:

Tumwater Plant ....................... $903.00
Backfilling hydrants ............... 480.00
Burying pipe ..................... 756.80
Trestle, balance ................... 1,198.55

Appellants recover costs.

TOLMAN, C. J., HOLCOMB, MAIN, and FULLERTON, JJ., concur.